237 N.J. Super. 52 (1989)
566 A.2d 1167
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BARTOLOME D. NATOLI, PLAINTIFF-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1989.
Decided November 20, 1989.
Before Judges PRESSLER and LONG.
Donald A. Caminiti argued the cause for appellant (Breslin and Breslin, attorneys; Donald A. Caminiti and Kevin C. Corriston, on the brief).
Terri A. DelGreco, Special Deputy Attorney General, Acting Assistant Prosecutor, argued the cause for respondent (John G. Holl, Assistant Attorney General-In Charge, Acting Bergen County Prosecutor, attorney for respondent; Ulrike M. Bergin, Special Deputy Attorney General, Acting Assistant Prosecutor, of counsel and on the letter brief).
*53 PER CURIAM.
Defendant Bartolome D. Natoli was convicted by the Special Civil Part of a charge of driving while intoxicated. He appealed to this court from the judgment of conviction, and we now transfer the matter to the Law Division for a de novo trial pursuant to R. 3:23-8.
As a historical matter, the courts of limited criminal jurisdiction having initial jurisdiction over traffic offenses were the municipal courts and, in particular cases, the county district courts. Thus, R. 7:1, until its December 1983 amendment, defined the scope of the rules governing practice in the municipal courts by declaring the Part 7 rules applicable to "all criminal, quasi-criminal and penal actions in the municipal courts and those county district courts where the exercise of such jurisdiction has been approved by the Chief Justice of the Supreme Court."[1] Judgments of conviction entered by either court of limited criminal jurisdiction were formerly appealed de novo to the county court pursuant to R. 3:23-1 and -2. After the county court was abolished by amendment of Articles VI and XI of the New Jersey Constitution, effective December 7, 1978, appeals were required to be taken to the Law Division, which succeeded to the jurisdiction of the county courts.
The county district courts were abolished by L. 1983, c. 405, effective December 31, 1983, and their jurisdiction was then subsumed by the Law Division. On December 13, 1983, the Supreme Court issued an order, effective December 31, 1983, which established the Special Civil Part of the Law Division as the successor to the county district court's jurisdiction and defined the manner in which that jurisdiction would be exercised. Part I(E) of the order provided that "municipal court actions, pursuant to Rule 7:1, in the counties of Bergen, Hudson, and Warren" would be cognizable in the Special Civil Part. *54 R. 7:1 was thereafter amended to substitute for county district courts the reference to the Special Civil Part. Hence, since January 1, 1984, traffic charges brought by Bergen County and State police officers have been tried by the Law Division, Special Civil Part, as successor to the Bergen County District Court.
Clearly, then, when the Special Civil Part entertains a traffic matter, it does so as a court of limited criminal jurisdiction within the intendment of R. 3:23-1. Consequently, an appeal from a conviction entered by that court is required to be brought de novo to the Law Division pursuant to the various terms and conditions of R. 3:23. Defendant here, although he filed his notice of appeal within the time prescribed by R. 3:23-2, erroneously filed it with this court, which reviews pursuant to the substantial evidence rule, rather than with the Law Division, which tries de novo pursuant to R. 3:23-8. At oral argument both parties agreed that this appeal belonged in the first instance in the Law Division, and neither party objected to our transfer now of the matter to that court, pursuant to R. 1:13-4(a), for a trial de novo. We are satisfied that in the interests of justice, such a transfer is the proper remedy, particularly since defendant is entitled to a trial de novo and it is not appropriate for us to provide one.
The appeal is dismissed without prejudice, and the matter transferred to the Law Division, Bergen County, for a trial de novo pursuant to R. 3:23-8.
NOTES
[1] The Bergen County District Court was approved to entertain traffic cases in which a state or county officer made the charge.